THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* MARGARET FUNK, Appellant.

(County Court, Erie County, April, 1921.)

*City Court of Buffalo — power to order restitution after conviction for petit larceny — Code Crim. Pro. §§ 483(2), 768 — new trial ordered.*

APPEAL from judgment of conviction.

Ernest W. McIntyre, for appellant.

Carlton J. Townsend, for respondent.

Noonan, J. The appellant, Margaret Funk, was formerly employed by Goold Brothers, Inc., dealers in pianos and musical supplies, and it is claimed that on October 22, 1919, she stole from her said employers three dollars and eighty cents, the proceeds of a sale. Thereafter she was arrested for petit larceny, tried in the City Court of Buffalo on November 28, 1919, and, after several adjournments granted for the purpose of permitting the probation officers to investigate the case, and also to determine what was the best disposition to be made of it, she was found guilty on December 30, 1919, and placed on probation for one year and ordered to make restitution in the sum of $1,500.

At the trial she was represented by able counsel, and after she was placed on probation she made some payments to the City Court, but on January 30, 1920, she employed her present attorney, who appealed her case to this court, and he asks for a reversal of the judgment of conviction on the ground that evidence was improperly admitted by the trial court, that it is contrary to the weight of the evidence, and that the order to make restitution be vacated because the City Court had no power to make it.

I understand, although it is not a part of the record, that between the day of the trial and the day of sentence, Goold Brothers, Inc., after a careful investigation, determined that the appellant had taken at least $1,500 in various petit larcenies extending over a considerable period of time, and that this fact and also the fact that the appellant promised to make the restitution if she did not receive a prison sentence, were both taken into consideration by the trial judge in disposing of the case.

Under ordinary circumstances the judgment of conviction would be affirmed because it is warranted by the evidence, but the City Court had no power to make restitution for more than three dollars and eighty cents under section 483, subdivision 2, of the Code of Crim-

inal Procedure, which provides that the court can order the defendant " to make restitution or reparation to the aggrieved parties in an amount to be fixed by the court, *not to exceed* the actual losses or damages caused by his offense." I take it that the words ".his offense" mean only the offense for which the defendant is on trial before the court, and cannot be stretched to cover similar offenses committed by the defendant against the same party or various parties. I know that this construction of the statute greatly hampers its usefulness in disposing of cases of similar character in the City Court, but I cannot make the statute other than it is.

Under all the circumstances I think that the proper thing to do is to reverse the judgment of conviction, and send the case back to the City Court for a new trial, pursuant to the provisions of section 768 of the Code of Criminal Procedure, and an order may be entered accordingly.

Judgment reversed.