UNITED STATES of America,
Plaintiff-Appellee,

v.

Dennis L. ROBERTS,
Defendant-Appellant.

No. 79–1366.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 30, 1979.

Decided Dec. 19, 1979.*

Adam Bourgeois, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., Kevin E. Sharkey, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL and SPRECHER, Circuit Judges, and ACKERMAN, District Judge.**

PER CURIAM.

Defendant Dennis L. Roberts was convicted by a jury on fifty counts of mail fraud on May 25, 1977. Roberts' conviction was based on a scheme whereby he obtained $1.7 million in prepayments for digital watches and calculators which he never intended to deliver. On July 15, 1977, Roberts was sentenced to five years imprisonment on each of Counts 1 through 48 to run concurrently. He also was fined $1,000 on each count. A consecutive sentence of three years and a fine of $1,000 were imposed upon the defendant on Count 49.

---

* This appeal originally was decided by unreported order on December 19, 1979. See Circuit Rule 35. The panel has subsequently decided to issue the decision as an opinion.

** Honorable J. Waldo Ackerman, District Judge for the Central District of Illinois, is sitting by designation.

Sentence as to imprisonment only was suspended on Count 50 and defendant was placed on probation for five years on the condition that he make restitution and he was fined $1,000.

On June 27, 1978, this Court affirmed the defendant's conviction but remanded the cause to the district court for clarification of the terms of the restitution portion of the sentence. On March 23, 1979, Judge Crowley held a hearing regarding the restitution issue and ordered the defendant to repay $750,000. Judge Crowley, on his own initiative, reduced defendant's sentence on Count 49 to two years.

Defendant now challenges the restitution order on the grounds that the actual amount of damages was not established nor the aggrieved parties sufficiently identified so as to comport with 18 U.S.C. § 3651. Defendant also challenges the duration of the sentence imposed as harsh and excessive.

We considered defendant's argument regarding the excessiveness of the sentence and rejected it when defendant first appealed his conviction. The sentence was within the statutory limits and will not be disturbed.

■ Regarding the restitution issue, the proof at trial was that the defendant defrauded customers of $1.7 million. Approximately $850,000 was recovered from the defendant. Judge Crowley credited defendant with $100,000 which he had invested in the scheme himself, leaving $750,000 due and owing to his victims. This is the amount which the defendant has been ordered to repay.

■ Title 18 U.S.C. § 3651 provides that a defendant "[m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." In *United States v. Hoffman*, 415 F.2d 14 (7th Cir.), *cert. denied* 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969), we found that conditioning probation upon restitution of a sum of money to be determined violates 18 U.S.C. § 3651. However, here the trial judge has determined the amount of actual damages caused by the defendant. This satisfies the requisites of 18 U.S.C. § 3651.

■ In addition 34,135 names and addresses of aggrieved consumers have been established, representing about two-thirds of all those harmed by defendant. Testimony at the March 23, 1979 hearing established that attempts to contact the remaining victims will be made by the receiver and the funds distributed accordingly. This is a sufficient identification of the aggrieved parties to comport with 18 U.S.C. § 3651.

■ Lastly, defendant has indicated that the $850,000 already recovered from him has been invested and is currently earning interest. Defendant argues that, since the establishment and payment of claims will be delayed for various reasons, interest will accumulate on the principal and this interest should serve to reduce the amount defendant has been ordered to repay. We have considered defendant's contention and under all of the circumstances of this case, do not feel it appropriate at this time to reduce the amount Judge Crowley has ordered repaid. It is preferable that adequate allowance be made to assure that all claimants will be paid the full amount owing to them. Such amounts may or may not include interest on those claims, as the District Court will ultimately determine.

For the reasons stated above, defendant's sentence is hereby affirmed.