**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Maurice DAVIES, Defendant-Appellant.**

**No. 81–1845.**

United States Court of Appeals, Seventh Circuit.

Argued April 15, 1982.

Decided July 15, 1982.

Robert S. Bailey, Chicago, Ill., for defendant-appellant.

John F. Podliska, Asst. U. S. Atty., Dan K. Webb, U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL, Circuit Judge, GIBSON,* Senior Circuit Judge, and ESCHBACH, Circuit Judge.

* Floyd R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

PELL, Circuit Judge.

This is an appeal from the district court's denial of the defendant Maurice Davies' motion to correct an illegal sentence under Fed.R.Crim.P. Rule 35. The sole question presented by the appeal is whether the district court exceeded its legal authority by imposing as a condition of probation that the defendant make restitution in an amount greater than that specified in the two counts of a multicount indictment to which he limited his plea of guilty, pursuant to a plea agreement.

I.

Davies was named in an indictment charging mail fraud, in violation of 18 U.S.C. § 1341 (1976), on the basis of his participation in a scheme of fraudulently obtaining property tax refunds from the State of Illinois. The scheme was masterminded by Davies' mother, who had previously worked for the state and was conversant with the tax relief program involved. All the other defendants were related to or otherwise connected with her, and all, including Davies and his mother, were charged in the same multicount indictment. The fraud involved filing petitions for tax refunds falsely claiming that the defendants were entitled to relief on the grounds of age or infirmity. The state processed the fraudulent petitions, and remitted checks which the defendants subsequently cashed.

The defendant withdrew his original plea of not guilty, and pleaded guilty to counts 16 and 17 of the indictment pursuant to a plea agreement. Counts 16 and 17 alleged that the defendant had signed his wife's name to claim forms, and knowingly caused checks totalling $661.00 to be delivered by mail. The terms of the plea agreement signed by the defendant acknowledged that pursuant to the scheme the defendant had cashed State of Illinois checks totalling $2,725.00. The agreement also provided for restitution as a condition of probation.

Originally, the agreement provided for restitution in the amount of $2,725.00, but counsel "agreed to disagree on the amount," and the phrase "in such amount as the court shall determine" was substituted.

The Government's version of the facts as set forth in the plea agreement was repeated in open court during the plea proceedings. The following colloquy then occurred between the court and the defendant:

> The Court: Mr. Davies, do you now admit that you committed those acts as just recited by Mr. Podliska [the Assistant United States Attorney]?
>
> Mr. Davies: Yes, your Honor. I didn't know, but I don't remember no two thousand dollars. I remember, you know, cashing about six hundred dollars worth of checks.
>
> The Court: You just have a quarrel with the amount. Very well.

The court then accepted the defendant's plea, entered judgment and ordered a presentence report. That report, which again reiterated the Government's version of the facts, was presented to the court, and a sentencing hearing was held. The court then announced its intention "to require restitution in an amount over and above that charged in the counts to which the defendant pled guilty." The defendant objected, but the court sentenced him to three years probation, a fine of $1,000.00, and restitution of $2,000.00 as a condition of probation. Davies thereafter filed his Rule 35 motion alleging that the restitution portion of the sentence exceeded the court's authority under 18 U.S.C. § 3651 (1976). This appeal followed the denial of that motion.

## II.

18 U.S.C. § 3651 provides, in pertinent part, that:

> While on probation and among the conditions thereof, the defendant—
>
> . . . .
>
> May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had . . . .

It is the defendant's contention that this restricts the trial court's power to impose restitution by limiting it to the amounts specified in the counts of an indictment to which the defendant actually pleaded guilty.

 It is settled that our review of a trial court's disposition of a Rule 35 motion is narrowly limited to the determination whether a sentence is within the requisite legislative limits, and, if so, whether its imposition was an abuse of discretion by the trial court. *See, e.g., United States v. Dawson*, 642 F.2d 1060, 1062 (7th Cir. 1981). We are persuaded that a court acts within the limits of legislatively granted authority when it imposes restitution in the amount of actual damage and loss to the victim, even if that exceeds the amount in the counts pleaded to, when (a) the defendant has obtained the proceeds as part of an ongoing scheme to defraud which extends over time, and (b) the amount of the damages to the victim has been established with specificity and admitted to by the defendant in the indictment, the plea agreement, and plea and presentence proceedings.

 This court implicitly recognized a court's authority to impose such restitution in *United States v. Roberts*, 619 F.2d 1 (7th Cir. 1979). Roberts was convicted on 50 counts of mail fraud, based on a scheme whereby he obtained $1.7 million in prepayments for watches and calculators he never intended to deliver. Roberts was placed on probation on one of the fifty counts, on the condition that he make restitution in the amount of $750,000.00 to more than 34,000 victims. The count for which restitution was imposed involved one victim and a check for $17.95; each of the preceding 49 counts also pertained only to one victim, and none involved checks of more than $200.00. On appeal, this court concluded that when the district court determines with specificity the amount of actual damages caused by the defendant, and there is sufficient identification of the victim to allow reparation, the dictates of section 3651

are satisfied. We find *Roberts* controlling. Like *Roberts* the instant case involved a continuing scheme to defraud which extended over time and resulted in multiple payoffs to the defendant. We are persuaded that in such a case, it is within the power of the court to require restitution of any amount up to the entire illicit gain from such a scheme, even if only some specific incidents are the basis of the guilty plea. *See United States v. Landay*, 513 F.2d 306 (5th Cir. 1975).

We further note that the defendant has repeatedly acknowledged, both before and after the acceptance of his plea, that he did cash checks in the amount of $2,725.00. Limiting restitution to the amount of a defendant's admitted depredations mitigates the potential perception of unfairness which might result absent such admission. *See United States v. McLaughlin*, 512 F.Supp. 907, 909–10 (D.Md.1981). The defendant's colloquy with the court at the plea proceedings concerning the amount of checks he cashed does not contradict these admissions, but rather is in accord with the defendant's theory, also advanced in this court, that he should only be responsible for the amount he personally retained, and not for amounts of checks he cashed and then gave to his co-schemers. What the defendant did with the proceeds of the fraud is irrelevant to the determination of the proper amount of restitution, which is based rather on the loss to the victim of the fraud. *Roberts*, 619 F.2d at 2; *United States v. Hoffman*, 415 F.2d 14, 22–23 (7th Cir. 1969), *cert. denied*, 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423.

■ Restriction of restitution as proposed by the defendant would severely restrict plea-bargaining in multicount indictment cases, because the Government would be prohibited from entering plea bargains as to some counts if that would eliminate restitution for further illegal proceeds, even though receipt of such proceeds was acknowledged by the defendant, as here. It would also require the Government to obtain indictments with hundreds of counts in cases such as *Roberts* where the scheme is one of widespread but individually small acts of fraud. Finally, it would not comport with the rehabilitative purpose of restitution as a condition of probation, which is to foster a defendant's acceptance of responsibility for unlawful acts. *McLaughlin*, 512 F.Supp. at 912. We conclude therefore that the district court did not exceed the bounds of legislative authority in imposing restitution in an amount above that in the counts pleaded to in this case, where the scheme extended over time, and the defendant repeatedly acknowledged the scope of his criminal activity. He will not now be permitted so easily to accord apopemptic status to his past transgressions.

We are not persuaded by the cases the defendant relies on to the contrary. In *United States v. Buechler*, 557 F.2d 1002 (3d Cir. 1977), and *United States v. Follette*, 32 F.Supp. 953 (E.D.Pa.1940), the trial court had imposed restitution above even the amounts charged in the original indictment, not just the counts pleaded to or upon which conviction was had. In *Karrell v. United States*, 181 F.2d 981 (9th Cir. 1950), *cert. denied*, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646, and *United States v. Jarvie*, No. 78 CR 23 (N.D.Ill. April 14, 1981), the defendants had not agreed at any point that they had obtained proceeds in excess of the amounts specified in the counts to which they pleaded guilty. Furthermore, to the extent these cases are in disagreement with controlling authority in this circuit, we decline to follow them, but rather reaffirm our decision in *Roberts*, which is in accord with the weight of authority and the purposes of restitution as a condition of probation.

For all the foregoing reasons, the district court's denial of Davies' Rule 35 motion is

AFFIRMED.