**James R. HIPSKIND,
Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 85A02–8707–CR–277.

Court of Appeals of Indiana,
Third District.

Feb. 22, 1988.

Kevin McShane, Richard O. Adams, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant-appellant James Hipskind appeals the trial court's decision overruling his motion to correct errors. Hipskind's motion is directed to one of the terms of his probation. Specifically, Hipskind contends that the trial court exceeded its authority when it ordered him to pay restitution in the amount of $10,000.00 which was based at least in part on evidence of uncharged crimes.

The evidence relevant to this appeal discloses that James Hipskind was president of a family owned and operated insurance business which had been started by his father, Kenneth Hipskind. In August 1986 it was determined that James had submitted a false claim alleging wind damage to an insured's home. When the insurer paid the claim, in the amount of $1,012.04, James forged the insured's name to the check. After an investigation by police and a video taped statement by James, James was charged with one count of forgery and one count of theft.

On December 4, 1986 James entered a plea of guilty to both charges. A sentencing hearing was held on December 22, 1986. At the hearing evidence was presented demonstrating that James had engaged in a course of conduct which left the family business on the verge of bankruptcy. James' father, Kenneth, testified that he withdrew $10,000.00 from his personal savings account to pay an insurance company that his son had "ripped off."

Both Kenneth and James' brother, Kevin, who worked in the family business testified that other uncharged acts of misconduct were discovered. It was their belief that the business would soon be mired in lawsuits by clients who had given insurance premiums to James but the money was never given to the insurance company. Some of the clients who thought they were insured had discovered their lack of insurance when they attempted to submit claims. Kenneth estimated a portion of the monetary damage sustained by the business at $32,000.00, all attributable to James' bad acts. Kevin testified that James had filed approximately $11,000.00 in fraudulent claims.

The trial court sentenced James to eight years imprisonment for forgery and two years imprisonment for theft. The sentences were to run concurrently and were suspended. James was placed on probation for a period of eight years. As a condition of probation, James was ordered to pay "at least $10,000.00" in restitution to his father.

On appeal James contends that the trial court was without authority to order resti-

tution in an amount greater than the damages caused by the crimes with which he was charged. IND.CODE § 35–38–2–2(a)(5) (1984 Supp.) states in pertinent part that as a condition of probation, "the court may require" a defendant to "make restitution or reparation to the victim of his crime for the damage or injury that was sustained."

As noted by both James and the State, the issue appears to be one of first impression in Indiana. Consequently, both James and the State present solid arguments grounded in federal law to assist in resolution of the issue.

James compares IND.CODE § 35–38–2–2(a)(5) with the federal probation statute, 18 U.S.C. § 3651 (1976). The federal statute specifies that restitution may be ordered for the damages "caused by the offense for which conviction was had." 18 U.S.C. § 3651. James argues that even though the federal statute is more precise, the statutes should be construed similarly. Thus· James insists that the phrase "his crime" in the Indiana statute should be construed as the crime for which conviction was had.

While not binding upon this Court it is at least instructive to note how New York has construed its statute similar to Indiana's probation statute. In *People v. Funk* (1921), 117 Misc. 778, 193 N.Y.S. 302, 303, the defendant appealed the trial court's decision ordering her to pay $1,500.00 in restitution as a condition of probation. The crime for which she had been convicted, petit larceny, alleged that she had stolen $3.80 from her employer. The trial court imposed $1,500.00 in restitution because before sentencing her employer alleged that she had conducted a series of petit larcenies which amounted to at least $1,500.00. The appropriate statute provided in part that a court could order a defendant "to make restitution or reparation to the aggrieved parties in an amount to be fixed by the court, not to exceed the actual losses or damages caused by his offense." *Funk, supra,* 193 N.Y.S. at 303. The court construed the phrase "his offense" to mean "only the offense for which the defendant is on trial before the court, and cannot be stretched to cover similar offenses committed by the defendant against the same party or various parties." *Funk, supra,* 193 N.Y.S. at 303.

Similar reasoning may be applied to the Indiana statute. The phrase "his crime" implicitly limits consideration to those crimes for which the defendant has been tried or to which the defendant has pleaded guilty. Any other alleged but uncharged illicit conduct would be too speculative and remote to permit inclusion in the phrase "his crime." Accordingly, Indiana's statute compares favorably to the federal statute and an analysis of federal common law is useful.

It appears that in the majority of federal cases in which restitution, as a condition of probation, was ordered in an amount greater than the damage caused by the offense for which the defendant was convicted; the defendant was charged with the offenses for which the damages were awarded and either the defendant agreed to the amount of restitution or the amount was set through a judicial determination.

> *See e.g. Phillips v. United States* (9th Cir.1982) 679 F.2d 192, 193 (defendant agreed to amount of restitution during plea bargaining and that amount was included as part of plea);
>
> *United States v. McLaughlin* (D.Md. 1981) 512 F.Supp. 907, 912 (defendant challenged order requiring restitution on all counts of five-count indictment after guilty plea taken on one count only; court noted that amount of restitution exceeded the amount of loss caused by the offense for which conviction was had, it did not exceed the amount of loss for which defendant was indicted and to which he agreed).
>
> *Cf. United States v. Gering* (9th Cir. 1983) 716 F.2d 615, and
>
> *United States v. Orr* (9th Cir.1982) 691 F.2d 431 (restitution on counts not pleaded to overturned because defendants did not admit amount and amount was not judicially determined).

In *United States v. Davies* (7th Cir.1982) 683 F.2d 1052, the defendant pleaded guilty to two counts in a multicount indictment for mail fraud. The two counts to which the defendant pleaded alleged $661.00 in damages. After the defendant had acknowledged at several stages in the proceedings causing losses in the sum of $2,725.00, the plea agreement was altered to allow the court to set the amount of restitution. The trial court ordered restitution in the amount of $2,000.00. On review the court of appeals determined that imposition of restitution in an amount greater than the loss sustained through the offense for which conviction was had is proper where a) the loss was occasioned by an on-going scheme that extends over time, and b) "the amount of the damages to the victim has been established with specificity and admitted to by the defendant in the indictment, the plea agreement, and the plea and presentence proceedings." *Davies, supra,* 683 F.2d at 1054. The court specifically noted two cases in which orders for restitution had been overturned inasmuch as they were based upon illicit conduct beyond the charges of the original indictment.

See *United States v. Buechler* (3rd Cir. 1977) 557 F.2d 1002; and

*United States v. Follette* (E.D.Pa. 1940) 32 F.Supp. 953.

Under federal law it is apparent that restitution may be ordered for the crime for which conviction was had or for *charged* crimes for which no conviction was entered if certain conditions are met which may include an agreement by the defendant or a judicial determination of the precise amount of the loss. However, restitution may not be ordered for uncharged crimes.

Applying the above analysis to the present case it follows that the restitution order must fall. James was ordered to pay restitution for uncharged illicit acts. The total amount of loss attributable to charged crimes was $1,012.04. The maximum amount of restitution as a condition of probation which can be ordered in the present case is $1,012.04.

Therefore this cause is reversed and remanded on the issue of restitution with instructions to the trial court to revise its restitution order in accordance with this opinion.

Reversed and remanded.

RATLIFF, C.J., and BUCHANAN, J., concur.