**Jedediah HALTOM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 84A01–0310–CR–415.**

Court of Appeals of Indiana.

May 21, 2004.

Rehearing Denied July 15, 2004.

Jessie Cook, Terre Haute, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Jedediah Haltom appeals the trial court's order of restitution for the benefit of Linda Meyer. Haltom raises two issues on appeal, which we consolidate and restate as follows: whether the trial court abused its discretion in ordering Haltom to pay restitution to Meyer for her medical and hospital expenses and lost earnings after she signed a release of all claims and received a settlement from his insurance company in her civil action.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On June 21, 2001, Haltom crashed his truck into a truck driven by Meyer. Haltom's blood alcohol content level was .179%. Meyer suffered serious injuries in the accident. She accrued $27,956.68 in medical expenses and lost earnings. *See State's Exhibit A* at 1–2.

The State charged Haltom with causing serious bodily injury while operating a motor vehicle with .10 or more blood alcohol content[1] as a Class D felony. While Haltom's criminal case was pending, Meyer made a claim for the monetary value of her injuries against Haltom's insurance company, Nationwide Insurance Company (Nationwide). Meyer settled her civil claim with Nationwide for $100,000.00, Haltom's policy limits for personal injury. In exchange for this payment, Meyer agreed to release all claims against Haltom. The

---

1. *See* IC 9–30–5–4(a)(1).

Release of All Claims (Release) provided, in pertinent part, as follows:

> FOR AND IN CONSIDERATION OF the payment to me of the sum of ONE HUNDRED THOUSAND AND 00/100 ($100,000.00) dollars, and other good and valuable consideration, I, being of lawful age, have released and discharged and by these presents for myself, my heirs, administrators, executors, and assigns, release, acquit, and forever discharge Cindy Stone, Jedediah Haltom and Nationwide Insurance Company and any and all other persons and corporations, whether herein named or referred to or not, of and from any and all past, present and future actions, causes of action, claims, demands, damages, costs, loss of service, expenses, compensation, third party actions, suits at law or in equity, including claims for suits or contributions and/or indemnity, of whatever nature, and all consequential damage on account of, or in any way growing out of any and all known or unknown personal injuries, death, and/or property damage resulting or to result from an accident that occurred on or about 6–21–01 at or near 15th STREET, TERRE HAUTE, VIGO COUNTY, INDIANA.

*Appellant's Appendix* at 35. Meyer entered into this settlement with Nationwide on the advice of private counsel.

After executing the Release against Haltom, Meyer filed a claim for restitution in the criminal proceeding. Her claim sought payment for medical bills and lost wages accruing as a result of the June 21, 2001 accident. Haltom responded by objecting to the payment of restitution to Meyer because she already waived her right to such a claim by executing the Release. Eventually, Haltom pled guilty. At his sentencing hearing, the State requested restitution. Haltom was sentenced to one and one-half years of imprisonment, all suspended except for the two days already served. The trial court placed Haltom on formal probation and ordered him to pay restitution in the amount of $27,956.88. Haltom now appeals.

## DISCUSSION AND DECISION

■ An order of restitution is a matter within the sound discretion of the trial court and will be reversed only upon a finding of an abuse of discretion. *Cherry v. State*, 772 N.E.2d 433, 439 (Ind.Ct.App. 2002), *trans. denied*. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.; Palmer v. State*, 704 N.E.2d 124, 127 (Ind.1999). Restitution may be paid to those shown to have suffered injury, harm, or loss as a direct and immediate result of the criminal acts of a defendant. *Vanness v. State*, 605 N.E.2d 777, 783 (Ind.Ct.App. 1992), *trans. denied*. "The purpose behind an order of restitution is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victim caused by the offense." *Carswell v. State*, 721 N.E.2d 1255, 1259 (Ind.Ct.App.1999).

■ Haltom contends, and we agree, that the restitution order was improper because Meyer's execution of the Release prevented the trial court from imposing restitution as a condition of his probation. IC 35–50–5–3 provides, in pertinent part, as follows:

> (a) Except as provided in subsection (i), in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime, the victim's estate, or the family of a victim who is deceased. The court shall base

its restitution order upon a consideration of:

>   (2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime;
>
>   (4) earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime.
>
>   (e) An order of restitution under subsection (a) or (i) does not bar a civil action for:
>
>   (1) damages that the court did not require the person to pay to the victim under the restitution order but arise from an injury or property damage that is the basis of restitution ordered by the court; and
>
>   (2) other damages suffered by the victim.

As discussed above, the civil action was completed before the criminal action. Meyer signed the Release and received a settlement from Haltom's insurance company in the amount of $100,000.00, the maximum allowed under his insurance policy. Then, Meyer presented a claim for restitution for her medical expenses and lost wages in the amount of $27,956.88. The trial court did not "see why [Meyer] should not receive the same benefit" if she had waited the length of time it took to get [the criminal] case resolved." *Appellant's Appendix* at 21. As a result, the trial court entered a restitution order for the full value of her actual medical and hospital expenses and lost wages, i.e., $27,956.88.

While we commend the trial court for its thorough restitution order, which greatly facilitated our review on appeal, we find that the trial court abused its discretion in ordering Haltom to pay restitution to Meyer for her medical and hospital expenses and lost earnings because she had already recovered for these losses through the settlement with Nationwide. The plain language of IC 35–50–5–3(e) indicates that while civil settlements may be brought subsequent to the imposition of a restitution order, these actions must be for damages not covered or contemplated by the restitution order. *See Chambliss v. State,* 746 N.E.2d 73, 77 (Ind.2001) (holding that the best evidence of legislative intent is the language itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute). Thus, after receiving the settlement from Nationwide, Meyer no longer had damages for the restitution order to cover or contemplate.

■ Moreover, the record before us shows that Meyer signed the Release under the advice of her private counsel. It was Meyer's right to contract away any future claims as a result of the June 21, 2001 accident in exchange for the settlement payment of $100,000.00. The courts of this state have a long tradition of recognizing and respecting the freedom to contract. *Dick Corp. v. Geiger,* 783 N.E.2d 368, 373 (Ind.Ct.App.2003). Our courts have consistently expressed their commitment to advancing the public policy supporting the enforcement of contracts. *Zollman v. Geneva Leasing Assoc's, Inc.,* 780 N.E.2d 387, 391 (Ind.Ct.App.2002) (citing *Trimble v. Ameritech Publ'g, Inc.,* 700 N.E.2d 1128, 1129 (Ind.1998)). There is a very strong presumption of enforceability of contracts representing the freely bargained agreement of the parties. *Dick Corp.,* 783 N.E.2d at 373 (citing *Trotter v. Nelson,* 684 N.E.2d 1150, 1152 (Ind.1997)). This principle is based upon the rationale that it is in the best interest of the public for courts not to unnecessarily restrict the freedom to contract. *Id.* Further, Indiana has long allowed contracting parties to en-

ter into any agreement they desire so long as it is not illegal or against public policy. *Id.* Here, Meyer's settlement with Nationwide was more than three times her actual losses and damages totaling $27,956.88. Therefore, when Meyer executed the Release and accepted the settlement, she waived her right to seek restitution because she no longer had any actual losses or damages. *See id.* The $100,000 settlement more than covered her medical and hospital expenses and her lost wages.

With all of the above in mind, we conclude that the trial court abused its discretion in ordering Haltom to pay restitution to Meyer as a condition of his probation. Accordingly, we reverse the trial court's order for restitution in this matter. *See* IC 35–50–5–3; *Cherry,* 772 N.E.2d at 439.

Reversed.

NAJAM, J., and RILEY, J., concur.