SULLIVAN, Justice.
Jedediah Haltom crashed his truck into a woman's car while driving under the influence. He settled with her for his car insurance's limits, and she executed a release from any future damages or compensation "of whatever nature." In the collateral criminal prosecution, Haltom argued that the trial court's award of cash restitution to the victim violated the release. The trial court had authority to award restitution: a private contract to which neither the State nor the court are parties cannot impinge upon the authority of the State to seek and the court to impose a criminal sanction.
Background
On June 21, 2001, Jedediah Haltom drove his truck into Linda D. Meyer's car. Haltom's blood aleohol content at the time of the collision measured .179%. As a result of the crash, Meyer suffered serious head and neurological injuries and subsequently accrued $27,956.68 in medical expenses and lost wages.
Before Haltom's criminal trial commenced, Meyer entered into a civil settlement agreement on October 23, 2001, with Haltom's insurance carrier, Nationwide Insurance Company, in compensation for the injuries she suffered. On the advice of her private attorney, Meyer agreed in exchange for $100,000.00 to release Nationwide Insurance, Haltom, and Haltom's mother, Cindy Stone, from any further liability for damages arising from the accident. In relevant part, Meyer agreed that:
FOR AND IN CONSIDERATION OF the payment to me/us the sum of ONE HUNDRED THOUSAND AND 00/100 ($100,00.00) dollars, and other good and valuable consideration, I/we, being of lawful age, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, administrators, executors and assigns, release, acquit and forever discharge Cindy Stone and Jedediah Haltom and Nationwide Insurance and any and all other persons and corporations, whether herein named or referred to or not, of and from any and all past, present and future actions, causes of action, claims, demands, damages, costs, loss of service, expenses, compensation, third party actions, suits at law or in equity, including claims for suits or contributions and/or indemnity, of whatever nature, and all consequential damage on account of, or in any way growing out of any and all known or unknown personal injuries, death, and/or property damage resulting or to result from an accident that occurred on or about 6-21-01 at or near 15TH STREET, TERRE HAUTE, VIGO COUNTY, INDIANA.
Def.'s Ex. 2. Meyer received payment of $100,000.00 from Nationwide Insurance on December 18, 2001, which was the limit of Haltom's policy.
After the start of Haltom's eriminal trial, Meyer, through her private attorney, filed a Victim's Restitution Claim on Feb *971 ruary 27, 2002. Haltom objected to Meyer's restitution claim on the basis that she had waived her right to do so under the release she had signed on October 23, 2001. Haltom pled guilty to causing serious bodily injury while operating a motor vehicle with a blood alcohol content measuring greater than.10.[1]
At his sentencing hearing, the State asked that the trial court order Haltom to pay restitution. The trial court sentenced Haltom to probation and a period of home detention. Further the court ordered Hal-tom to serve 100 hours of community service and to pay $27,956.88 in restitution to Meyer. Haltom appealed the court's restitution order.
The Court of Appeals reversed. Haltom v. State, 808 N.E.2d 761 (Ind.Ct.App.2004). It held that the trial court's restitution order was an abuse of its discretion, concluding that the Release signed by Meyer precluded the court from ordering Haltom to pay any further restitution as a condition of his probation. Id. at 765. The State sought, and we granted, transfer. 822 N.E.2d 977 (Ind.2004)
Discussion
Criminal restitution is provided for by Indiana Code Section 85-50-5-8. It states in relevant part that:
in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation ... order the person to make restitution to the victim of the erime .... The Court shall base its restitution order upon a consideration of:
(2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime;
(4) earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime.
Ind.Code § 85-50-5-8(a)(2), (4) (1998). The statute further instructs that "(aln order of restitution under subsection (a) does not bar a civil action for: (1) damages that the court did not require the person to pay to the victim under the restitution order but arise from an injury or property damage that is the basis of restitution ordered by the court; and (2) other damages suffered by the victim." Ind.Code § 35-50-5-8(e)(1), (2) (1998).
"Restitution, as a condition of probation, can be an instrumental part of the offender's rehabilitation." Miller v. State, 502 N.E.2d 92, 95 (Ind.1986). While its principal purpose is to vindicate the rights of society, an ancillary result is that it also serves to compensate the offender's victim. See Id. (citing Unmited States v. Carson, 669 F.2d 216, 217-18 (bth Cir. 1982)). This ancillary function, however, does not alter the fact that "an order of restitution is as much a part of a criminal sentence as a fine or other penalty." Id. (citation omitted). Because restitution is part and parcel to our system of criminal punishment, its application cannot be precluded by the existence of a civil settlement agreement.
We have held that "civil settlements have no bearing on decisions of criminal punishment." Crawford v. State, 770 N.E.2d 775, 781 (Ind.2002). See also Dupin v. State, 524 N.E.2d 329, 331 (Ind.Ct.App.1988) (stating that "[slettlements in civil cases can have no effect upon sentences meted out in criminal cases"). At the same time, a trial court remains free to "consider a civil settlement when deciding whether to impose a restitution order or the amount of restitution to order." Crawford, TIO N.E2d at 781. This level of *972 discretion permits the trial court to order a greater amount in restitution to compensate a victim fully for damages and injuries not yet covered, or order less or no restitution at all to prevent the victim from receiving a windfall.[2]
However, allowing a civil settlement to preclude restitution altogether would infringe upon the State's power to administer criminal punishment. See U.S. v. Bearden, 274 F.3d 1081, 1041 (6th Cir.2001) (advancing the policy that "private individuals should not be allowed to thwart the penal goals of the criminal justice system by entering into releases or settlements with wrongdoers"). The State is the only party with standing to exercise such power. See Johnston v. Dobeski, 739 N.E.2d 121, 128 (Ind.2000) (the State and the defendant are the only two parties with standing in a criminal sentencing proceeding).
By our holding today, we do nothing to constrain the ability of parties to settle civil disputes prior to the commencement or conclusion of collateral eriminal proceedings. Parties remain free to enter into agreements to settle civil matters, and we are confident that they will do so. But the civil courts, not the eriminal courts, are the proper venue to adjudicate these matters. See Ramsey v. Hicks, 174 Ind. 428, 91 N.E. 344, 354 (1910) (noting that it is the prerogative of the civil courts to determine the meaning and legal effect of civil contracts). An aggrieved party, including a criminal defendant, remains free to seek enforcement of the terms of a release in civil court. Our criminal courts are permitted to take note of these agreements in deciding whether to order restitution and in what amount, but these agreements in no way preclude a criminal court from ordering restitution when appropriate under statute.
Conclusion
Having previously granted transfer, we hold that civil settlements have no preclusive effect on the power of a criminal court to order restitution. The trial court's order for restitution is affirmed.
RUCKER, J., concurs. DICKSON, J., concurs with separate opinion. BOEHM, J., concurs in part and dissents in part with separate opinion. SHEPARD, C.J., dissents with separate opinion.

. Ind.Code § 9-30-5-4(a)(1) (1998).

. In the instant case the trial court ordered Haltom to pay $27,956.88 in restitution to Meyer on the basis that:
If a restitution order for the full value of her actual expenses had been entered before Mrs. Meyer settled with Defendant's insurance company, she would easily have qualified for the maximum his insurance would pay for the pain and suffering that is awarded in civil cases. After deducting attorney fees, typically one-third, she would have received in hand about $67,000, a little more than twice her actual damages. The Court does not see why [Meyer] should not receive the same benefit she could have received if she had waited the length of time it took to get this case resolved.
Appellant's App. at 21.