**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 24 2014, 9:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUSAN D. RAYL**
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LAVON BEVERLY, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1402-CR-87 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
The Honorable Christina R. Klineman, Master Commissioner
Cause No. 49G05-1302-FB-13940

September 24, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Lavon Beverly appeals the trial court's order of restitution as a term of his probation in connection with his sentence for robbery as a class C felony.[1] Beverly raises one issue which we revise and restate as whether the trial court abused its discretion when it ordered Beverly to pay $160 of restitution as a condition of his probation. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 5, 2012, Mitchelle House was performing maintenance work in a house that his employer, James Johnson, had arranged to rent to Beverly's mother, Barbara. House was a maintenance worker and did not deal with the leasing aspect of Johnson's business. Barbara, Beverly, and his brother Joevon met House at the rental property. The three asked House for entry into the home, and despite House's initial reluctance, he eventually permitted Joevon and Beverly to enter the home while Barbara stayed in the car. Once inside, Joevon and Beverly confronted House about a return of their mother's security deposit. House called Johnson, who initially did not answer the phone but then returned his call. Beverly snatched the phone from House, asked Johnson when he was coming over, and said that they wanted their money. Joevon and Beverly then told House to lie on the floor and took House's car keys, cellular phone, and wallet, which contained $160.[2]

The State charged Beverly with robbery as a class B felony. The charging information stated that Beverly "did knowingly, while armed with a deadly weapon, that is: a handgun, take from the person or presence of Mitchell [sic] House property, that is: a cellular telephone and/or keys and/or an identification . . . ." Appellant's Appendix at 23.

---

[1] The abstract of judgment spells his name "LaVon" while the appellant's brief spells his name "Lavon." Appellant's Appendix at 19; Appellant's Brief at 2.

[2] House stated in an initial deposition that he had $50 in the wallet but later testified at trial that he had $160 at the time of the robbery.

After a bench trial on November 21, 2013, the court found Beverly guilty of robbery as a class C felony. On January 14, 2014, the court sentenced Beverly to four years with three years suspended and one year executed on home detention. The court ordered Beverly to serve one year of probation upon the completion of the executed portion of his sentence. As a condition of probation, the court ordered that Beverly pay "$160 restitution to Mr. House . . . ." Id. at 34.

## DISCUSSION

The issue is whether the trial court abused its discretion when it ordered Beverly to pay restitution of $160 as a condition of his probation. "An order of restitution is generally within the trial court's discretion, and it will be reversed only upon a finding of an abuse of that discretion." Gonzalez v. State, 3 N.E.3d 27, 30 (Ind. Ct. App. 2014) (citing Edsall v. State, 983 N.E.2d 200 (Ind. Ct. App. 2013), reh'g denied). A trial court abuses its discretion when "the court's decision is clearly against the logic and effects of the facts and circumstances before it." Wolff v. State, 914 N.E.2d 299, 303 (Ind. Ct. App. 2009). We do not reweigh the evidence or assess witness credibility. Smith v. State, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), trans. denied. Under Indiana law, a trial court has the authority to order a defendant convicted of a crime to make restitution to the victim as a condition of probation. See Ind. Code §§ 35-38-2-2.3; 35-50-5-3.

The purpose of restitution is "to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused." Pearson v. State, 883 N.E.2d 770, 772 (Ind. 2008) (citing Haltom v. State, 832 N.E.2d 969, 971 (Ind. 2005)), reh'g denied. Restitution also serves to compensate the offender's victim. Id. Moreover, any "loss proven [that is] attributable to the defendant's charged crimes" is recoverable as

restitution. Smith, 990 N.E.2d at 520 (citing Batarseh v. State, 622 N.E.2d 192, 196 (Ind. Ct. App. 1993) (discussing Hipskind v. State, 519 N.E.2d 572, 574 (Ind. Ct. App. 1988), trans. denied), reh'g denied, trans. denied).

Beverly contends that the court's order of restitution as a condition of probation amounted to an award of restitution for uncharged misconduct because the charging information stated that he took "a cellular telephone and/or keys and/or an identification" and did not specify that he took a wallet or cash. Appellant's Brief at 6-7 (quoting Appellant's Appendix at 23). He argues that Hipskind v. State, 519 N.E.2d 572 (Ind. Ct. App. 1988), trans. denied, prohibits the State from ordering a defendant to pay restitution for uncharged misconduct, and that the court neither determined his ability to pay nor had sufficient proof of the amount he owed. The State maintains that a charging information does not have to contain specific facts on which to base a restitution award, and that the court had sufficient proof of the amount taken from House's wallet to support its order of restitution. The State also contends that the information contained in the presentence investigation report along with witness testimony demonstrated that the court inquired into the defendant's ability to pay.

To the extent that Beverly argues that the condition of probation amounted to an award of restitution for uncharged misconduct, we observe that "the purpose of a charging information is to provide a defendant with notice of the crime so that he can prepare a defense." Wilhoite v. State, 7 N.E.3d 350, 353 (Ind. Ct. App. 2014) (citing Gilliland v. State, 979 N.E.2d 1049, 1060 (Ind. Ct. App. 2012)). In Hipskind, James Hipskind, the president of a family owned and operated insurance business, submitted a false claim alleging damage to an insured's home and when the insurer paid the claim in the amount

4

of $1,012.04, Hipskind forged the insured's name to the check. 519 N.E.2d at 572. The State charged Hipskind with one count of forgery and one count of theft. Id. At trial, Hipskind's father, who started the business, "testified that he withdrew $10,000.00 from his personal savings account to pay an insurance company that his son had 'ripped off.'" Id. Hipskind's relatives, who also worked at the family business, testified to "other acts of uncharged misconduct" stemming from Hipskind's actions that threatened the business. Id. As a condition of his probation, the court ordered that Hipskind pay his father "at least $10,000.00" in restitution. Id. On appeal, we observed that "restitution may not be ordered for uncharged crimes." Id. at 574. We explained that because the defendant "was ordered to pay restitution for uncharged illicit acts" the amount recoverable in restitution was limited to the $1,012.04 stemming from the defendant's charged crimes of forgery and theft. Id.

Here, the charging information indicated that Beverly was charged with robbery as a class B felony and stated the elements of the charge against him. The information placed Beverly on notice of the robbery charge he was facing even if it did not indicate the precise item that would later form the basis of the restitution order. Unlike in Hipskind, Beverly's restitution order related directly to property that testimony revealed was the subject of the robbery rather than the subject of other uncharged misconduct. Based upon the record, we cannot say that the trial court abused its discretion on this basis.

With respect to Beverly's arguments that the court did not inquire into his ability to pay, we observe that when a court imposes restitution as a condition of probation, it must "inquir[e] into the defendant's ability to pay . . . 'in order to prevent indigent defendants from being punished because of their inability to pay.'" Kays v. State, 963 N.E.2d 507,

5

510 (Ind. 2012) (quoting Ladd v. State, 710 N.E.2d 188, 192 (Ind. Ct. App. 1999)). To impose restitution, the trial court must assess the defendant's ability to pay which includes such factors as "the defendant's financial information, health, and employment history." Champlain v. State, 717 N.E.2d 567, 570 (Ind. 1999). Nevertheless, the courts have not described a "specific procedure for determining a defendant's ability to pay" but do require "at least a minimal inquiry" into a defendant's ability to pay. Kays, 963 N.E.2d at 510. A court may make a proper inquiry, depending on the circumstances, by such actions as reviewing the presentence investigation report and questioning witnesses. See Polen v. State, 578 N.E.2d 755, 758-759 (Ind. Ct. App. 1991), trans. denied. A finding of indigency for purposes of obtaining counsel does not preclude an award of restitution from being entered against a defendant. Id. at 759.

Here, the court reviewed the presentence investigation report ("PSI") and heard testimony relating to Beverly's work history and financial information. The PSI included information about Beverly's monthly income, employment history, and other factors that provided the court with a sense of Beverly's ability to pay restitution. At the sentencing hearing, the court also heard testimony from Johnnie Beverly, Beverly's sister, relating to his steady employment, in which she testified that he had worked at the same job "for a while now." Transcript at 153. She also indicated that Beverly had been with the same employer for about five years. Additionally, defense counsel indicated that Beverly maintained a "very consistent work history" and had been employed "at the car painting place since 2008." Id. at 156. As to Beverly's argument that a defendant's status as indigent prevents a court from entering a restitution order, we note that a court can still enter a restitution order against an indigent criminal defendant. See Polen, 578 N.E.2d at

6

759. We cannot say that the court abused its discretion in finding that Beverly had the ability to pay $160. See Mitchell v. State, 559 N.E.2d 313, 314-315 (Ind. Ct. App. 1990) (observing that the PSI contained information related to his ability to pay, rejecting the defendant's arguments that the trial court did not inquire into his ability to pay and that a finding of eligibility for indigent counsel should not be compared to a finding for restitution), trans. denied; see also Savage v. State, 650 N.E.2d 1156, 1163-1164 (Ind. Ct. App. 1995) (Sullivan, J., concurring in part and dissenting in part) (observing that the presentence materials provided the trial court with the defendant's family history, marital history, educational background, work history, health status, employment status, and financial information, and concluding that the trial court did not abuse its discretion in ordering restitution), adopted by Savage v. State, 655 N.E.2d 1223, 1224 (Ind. 1995).

To the extent that Beverly argues there was insufficient evidence of the amount, we observe that the PSI indicated that the amount was $160. Although House stated in an initial deposition that he had $50 in the wallet, he later testified at trial that he had $160 at the time of the robbery. Indeed, when the court ordered restitution at the sentencing hearing it stated that "I'm going to add [$160 in restitution] because I know that [amount] was absolutely testimony." Transcript at 156. Based upon the record, including the proceedings at sentencing and the PSI, we cannot say that the court abused its discretion on this basis.

### CONCLUSION

For the foregoing reasons, we affirm the order of restitution.

Affirmed.

BARNES, J., and BRADFORD, J., concur.