Edwin MOODY, Petitioner–Appellant,

v.

Charlene MOODY,
Respondent–Appellee.

No. 28A01–9005–CV–215.

Court of Appeals of Indiana,
First District.

Jan. 24, 1991.

Andrew C. Mallor, Mallor, Grodner & Bohrer, Bloomington, for petitioner-appellant.

Robert C. Price, Price & Runnells, Bloomington, for respondent-appellee.

BAKER, Judge.

Edwin Moody (Moody) appeals the trial court's decision ordering him to pay back child support to his ex-wife Charlene Stremming Moody (Stremming) and to his daughter Iris. We affirm in part and reverse in part.

## ISSUES

The following issues are presented for our review:

I. Whether the trial court erred in failing to award damages to Moody.

II. Whether the trial court erred in finding one of the children was emancipated and the other child was not emancipated.

III. Whether the trial court erred in failing to modify Moody's support obligation in light of Stremming's interference with his visitation rights.

IV. Whether the trial court erred in ordering back support payments be made directly to one of the daughters.

## FACTS

The facts of this case are all too familiar. A marital relationship breaks down and is dissolved. Then, the relationship between a non-custodial parent (here, and typically, the father) and the children erodes to the point where only legal records can evince that any meaningful human relationships ever existed. The result—a bitterness and destruction for which the law can provide no recompense.

Moody and Stremming were divorced in April, 1974. Stremming was given custody of their two children, Iris and Ilene, and Moody was awarded reasonable visitation. Moody was also ordered to pay $150 per month in child support. He began to have problems with visitation soon after the divorce decree. The trial court found Stremming continually interfered with Moody's visitation by making the children unavailable when he came to pick up the children, informing school officials that he was not to see the children at school, and encouraging her family to intimidate Moody. On one occasion, Moody was severely beaten by members of Stremming's family when he attempted to take a birthday present to one of his daughters.

In 1975, Moody filed an action for a contempt citation against Stremming because of the visitation problems. The parties entered into an agreement to set specific visitation times, which was approved by the court. Moody continued to have problems with Stremming concerning visitation. In late 1975, Moody decided to stop trying to see the children. He stopped

paying child support in 1977, at which time he was $900 in arrears.

In 1986, Stremming had the girls' last names changed to her maiden name, Stremming. Her only attempt to notify Moody was by publication, and Moody had no knowledge of the name change. In 1989, Stremming filed an action for back support under the Uniform Reciprocal Enforcement of Support Act against Moody, who was then living in Illinois. Unlike the name change petition, she was able to locate Moody to serve this document. Both parties subsequently filed petitions in Indiana to modify the dissolution decree. The trial court found Moody and Stremming were in contempt and ordered Moody to pay $22,050 in back support at the rate of $50 per week. The court also found Iris emancipated and Ilene unemancipated, and ordered Moody to pay $74 per week in child support for Ilene, as well as one-half of her post-secondary education expenses.

## DISCUSSION AND DECISION

 Initially, we note this was a bench trial in which the trial court made findings of fact and conclusions of law pursuant to Moody's request. We will not set aside the trial court's findings or judgment unless they are clearly erroneous. Ind.Trial Rule 52(A). We will neither reweigh the evidence nor judge the credibility of the witnesses in determining whether the court's findings and judgment are clearly erroneous. We will consider only the evidence in the record which supports the judgment along with the reasonable inferences to be drawn from the evidence. This court will disturb the trial court's findings only if the record is devoid of facts or inferences to support the findings. *Craig v. ERA Mark Five Realtors* (1987), Ind.App., 509 N.E.2d 1144.

### I.

 Moody contends the trial court erred in failing to award him damages for Stremming's contemptuous actions.[1] The trial court found Stremming in contempt but did not order her to do or pay anything to purge this contempt. "The punishing or refusal to punish for contempt of court is in the sound discretion of the trial court, and we will reverse only for an abuse of discretion." *Carson v. Ross* (1987), Ind. App., 509 N.E.2d 239, 243, *trans. denied.* As Moody points out, civil contempt may seek to coerce behavior or to compensate a party when a court order is violated. *Clark v. Atkins* (1986), Ind.App., 489 N.E.2d 90, *trans. denied.* We see no abuse of discretion in the trial court's failure to award damages to Moody. Moody did not present any evidence of his damages, and he stated at trial that the relief he wanted from the court was to be able to avoid paying the back support to Stremming. In addition, we see no abuse of discretion in the trial court's failure to order Stremming to allow Moody to visit the children, as the children are now 21 and 18 years of age and stated they do not want to see their father. Stremming cannot force children of these ages to see their father, and it would be impractical for the trial court to order her to do so.

### II.

 Moody next argues the court erred in finding the younger daughter was not emancipated. Stremming counters that the trial court erred in finding the older daughter was emancipated. Emancipation of a child terminates a parent's obligation to support the child. *Isler v. Isler* (1981), Ind.App., 422 N.E.2d 416. Emancipation of a child is not presumed, but must be established by competent evidence. *Id.* It may be demonstrated by express agreement or by the conduct and acts of the parent and child. *Id.*

IND.CODE 31–1–11.5–12 provides the duty to support a child ceases when the child reaches 21 years of age with three exceptions. One exception provides the child support will terminate upon a finding

---

1. Moody first argues the court failed to dispose of all the issues when it did not award damages to him. We do not think the court failed to address the issue of damages simply because it did not award any damages. The court found Stremming to be in contempt of court, but chose not to award any damages. We see no failure to dispose of all the issues.

that the child is at least 18 years old, has not attended a secondary or post-secondary school for the prior four months and is not enrolled in such a school, and is or is capable of supporting herself through employment. IND.CODE 31–1–11.5–12(d)(3).

▆▆▆ The trial court found that Iris was emancipated, and that Ilene was not. We do not find either of these decisions to be clearly erroneous. The court found Iris, who was 20 years old when Stremming filed the petition for back support, had graduated from high school, had held at least two full-time jobs since her graduation, is capable of earning a living, and wants nothing to do with her father. She had not attended any school since her graduation from high school in 1987. The trial court did not err in finding Iris was emancipated. Ilene, 17 years old at the time of the filing, did not have the same work experience, and the court found she has the inclination and ability to benefit from post-secondary education. We see no error in the court's decision that Ilene was not emancipated.

### III.

▆▆▆ Moody next argues that Stremming's interference with his visitation rights warrants relief from his child support obligation. We cannot agree. "Fathers have a common law duty to support their children which exists apart from any court order or statute." *In re Marriage of Truax* (1988), Ind.App., 522 N.E.2d 402, 406, *trans. denied.* A custodial parent's interference with visitation is not a defense to the non-custodial parent's failure to pay support. *Id.* The trial court did not err in ordering Moody to pay back support.

▆▆▆ In this case, the divorce decree was entered in 1974, and Moody became delinquent with the child support payments shortly thereafter. Stremming did not bring her petition for back support until 1989. This delay of almost 15 years is reprehensible. Moody's delay in attempting to exercise his visitation rights is equal-

ly reprehensible. The children, ages two and four at the time of the divorce, are now 18 and 21 years old and have had no contact with their father for a number of years. Yet Stremming and the girls want money, and only money, from Moody now. Based upon the record before us, it is obvious Stremming and Moody have deprived their children of the opportunity to grow up with both a father and a mother. The divorcing of parents should not constitute a divorcing of the children as well.

We feel constrained, however, to uphold the trial court's judgment of payment of the back support because that decision is not clearly erroneous. We cannot condone Stremming's delay in enforcing the support order, but we decline to attribute her delay to the children for whose benefit the child support order was entered. *See Truax, supra.* Moody had other options available to him to alleviate the visitation problems, and did not need to resort to discontinuing his court ordered support payments. Moody could have requested the court to require Stremming to comply with the visitation agreement earlier when he began having the difficulties, or perhaps he could have sought a change in custody. *See* IND. CODE 31–1–11.5–22 (providing for modification of child custody upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable); *Clark, supra.* He did not, however, have the option to stop paying the support. We find no error.[2]

### IV.

▆▆▆ Stremming argues the trial court erred when it ordered one half of the back support to be paid directly to Iris. We agree. Only the person who has present custodial responsibility can be the trustee of the non-custodial parent's obligation to pay. *Lizak v. Schultz* (1986), Ind., 496 N.E.2d 40. "[O]ne who has had the obligation to care for a child and has advanced his own funds to do so is entitled

---

**2.** We do not hold the trial court must always award the entire amount of back support to the custodial parent without any allowance for

damages to the non-custodial parent, but rather that the trial court's decision to do so here was not clearly erroneous.

to collect the arrears from the non-custodian." *Id.* at 42. Because Stremming presumably expended her own funds through the years to care for the children, she is entitled to collect the arrears. It is not necessary that she prove she spent the amount of the back support on the children. *Id.* We reverse the trial court on this issue, and instruct the trial court to order that Moody pay the entire payment of back support directly to Stremming. We affirm the trial court in all other respects.[3]

Judgment affirmed in part, reversed in part, and remanded with instructions to order the entire amount of back support be paid directly to Stremming.

RATLIFF, C.J., and ROBERTSON, J., concur.

---

**3.** Stremming argues she should be awarded appellate attorney fees to compensate her for the additional time her attorney had to spend on this appeal due to alleged errors in the transcript. There are some minor deviations from the appellate rules of procedure in the transcript; however, we do not find it necessary to award Stremming appellate attorney fees.