ATTORNEY FOR APPELLANT
Nancy A. McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**

Feb 22 2013, 11:29 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 20S03-1206-CR-308

FELIX C. SICKELS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Elkhart Superior Court, No. 20D06-0109-CF-845
The Honorable David C. Bonfiglio, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 20A03-1102-CR-66

**February 22, 2013**

**Rush, Justice.**

In this case, the trial court determined that the custodial parent was the "victim" for purposes of criminal restitution for the noncustodial parent's failure to support his dependent children. At the time the trial court ordered restitution, the children were adults and emancipated.

On direct appeal, the Court of Appeals, *sua sponte*, held that it was "erroneous" for the trial court to order the noncustodial parent to make restitution to the custodial parent. Specifically, the Court of Appeals held that the custodial parent was not a "victim" of the noncustodial parent's crimes and that restitution was payable to only the children.

We hold that the trial court was well within its discretion to find that the custodial parent was the "victim."

## Facts and Procedural History

Felix Sickels ("Sickels") and Kathy Sickels divorced in 1992. Kathy was given custody of their three children, and Sickels was ordered to pay weekly child support.

Over the years, Sickels often failed to make his court-ordered child-support payments. In 2001, the State charged Sickels with three counts of felony nonsupport of a dependent child, and the trial court issued an arrest warrant. At the time, Sickels had moved from Indiana to Michigan.

For various reasons, the State of Michigan did not extradite Sickels to Indiana until July 2010. By this point, all three children were adults and emancipated.

In 2011, at a bench trial, the trial court found Sickels guilty of three felony counts of nonsupport of a dependent child. At the subsequent sentencing hearing, the trial court ordered defendant to serve an aggregate sentence of ten years through a direct community corrections placement and to pay Kathy, "the victim in the case," the amount of his child-support arrearage, which exceeded $84,000. Although the trial court used the term "restitution" at the sentencing hearing, both the written sentencing order and chronological case summary include the word "judgment" and reference the civil cause number associated with Kathy and Sickels' prior divorce action.

Sickels appealed, challenging his convictions and sentence. In a lengthy, well-reasoned, and thoughtful opinion, the Court of Appeals rejected a majority of Sickels' arguments and affirmed his convictions and length of sentence. Sickels v. State, 960 N.E.2d 205, 223 (Ind. Ct. App. 2012). But the Court of Appeals recognized three problems with the trial court's order for Sickels to pay his child-support arrearage. Id. at 222–23. The Court of Appeals first noted that the court stated a different total for the child-support arrearage in its written sentencing order than the total it specified at the sentencing hearing. Id. at 223. On this issue, the Court of Appeals remanded to the trial court to clarify the amount of the arrearage. Id. The Court of Appeals also noted that the trial court referred to Sickels' payment of child-support arrearage as "restitution" at the sentencing hearing but that other documents referred to the payment as a civil judgment.

2

Id. Accordingly, the Court of Appeals remanded to the trial court to "correct its sentencing order and other documents to reflect only restitution."[1] Id.

Finally, the Court of Appeals, *sua sponte*, determined that Kathy was not the proper recipient of Sickels' restitution:

> [P]ursuant to Indiana law, "in addition to any sentence imposed" for a criminal offense the trial court is authorized to order "restitution to the victim of the crime." I.C. § 35-50-5-3. The amount of restitution ordered must reflect the actual loss suffered by the victim. Myers v. State, 848 N.E.2d 1108, 1109 (Ind. Ct. App. 2006). But Kathy is not the victim of Sickels' crimes. His children are. It is generally established that child support payments are for the benefit of the child, not for the benefit of the parent. See Haley v. Haley, 771 N.E.2d 743, 752 (Ind. Ct. App. 2002). As such, the court's order for Sickels to pay restitution to Kathy as "the victim" is erroneous. See Transcript at 87.

Id.

We granted transfer to address one narrow issue: whether a custodial parent may be a "victim" for purposes of restitution based on a child-support arrearage even if the children have been emancipated. On the remaining issues, we summarily affirm the Court of Appeals. Ind. Appellate Rule 58(A)(2).

## Standard of Review

An order of restitution is a matter within the trial court's discretion. Smith v. State, 655 N.E.2d 133, 134 (Ind. Ct. App. 1995), trans. denied. Accordingly, we reverse only upon a showing of abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. J.P.B. v. State, 705 N.E.2d 1075, 1077 (Ind. Ct. App. 1999).

## Restitution and Child-Support Arrearage

Under Indiana Code section 35-50-5-3(a) (Supp. 2012), a trial court may order, in addition to any sentence, that a defendant make restitution to the victim of the crime. Although

---

[1] The Court of Appeals aptly noted that "[w]hile restitution is a proper criminal penalty, civil court is the proper venue to adjudicate civil judgments." Sickels, 960 N.E.2d at 223 (citing Haltom v. State, 832 N.E.2d 969, 972 (Ind. 2005)). A review of the sentencing-hearing transcript reveals that the trial court's intent was to order restitution despite conflicting language in some court documents referring to a "judgment." Neither party on transfer argues otherwise.

the statute does not define the term "victim," this Court has held that restitution is properly payable to "those shown to have suffered injury, harm or loss as a direct and immediate result of the criminal acts of a defendant." Reinbold v. State, 555 N.E.2d 463, 470 (Ind. 1990), overruled in part on other grounds by Wright v. State, 658 N.E.2d 563 (Ind. 1995); see also Roach v. State, 695 N.E.2d 934, 943 (Ind. 1998).

In the present case, the State argues that the Court of Appeals deviated from its precedent when it held that Kathy, as the custodial parent, cannot be a "victim" entitled to restitution for child-support arrearage. The State further contends that the Court of Appeals' conclusion on this point contravenes sound public policy. Sickels, on the other hand, asserts that his emancipated children are the sole "victims" in the case, directing us to the general principle that child-support payments are for the benefit of the child. For the reasons explained below, we hold that a custodial parent may be a "victim" entitled to restitution based on a child-support arrearage even if the children have been emancipated.

It is well established that the right to child support lies exclusively with the child and that a custodial parent holds the support payments in trust for the child's benefit. In re Hambright, 762 N.E.2d 98, 101 (Ind. 2002); Hicks v. Smith, 919 N.E.2d 1169, 1171 (Ind. Ct. App. 2010), trans. denied. Prior Court of Appeals opinions have taken into account this foundational principle when determining, in the civil context, who is entitled to a child-support arrearage when a child becomes emancipated. Hicks, 919 N.E.2d at 1171; Moody v. Moody, 565 N.E.2d 388, 392 (Ind. Ct. App. 1991).

In essence, these decisions have held that an arrearage is payable to the custodial parent after a child is emancipated.[2] Hicks, 919 N.E.2d at 1173–74; see also Moody, 565 N.E.2d at 392. This is because an arrearage "compensate[s] the custodial parent for his or her expenses in assuming more than his or her share of the cost of supporting the child until his or her

---

[2] In In re Hambright, this Court held that "[a]s a matter of law, arrearages, like current and future support, are held for the children, and the custodial parent has no individual property interest in them." 762 N.E.2d at 103. Hambright involved the narrow issue of "whether child support arrearages owed to a custodial parent are assets of the parent's bankruptcy estate." Id. at 99–100. Ultimately, this Court determined that because child-support arrearages are not property of the custodial parent, a trustee in bankruptcy has no interest in them. Id. at 103. This Court made clear that it did not decide the question of whether emancipation would have any effect on the nature of the custodial parent's interest in an arrearage and left that question "for another day." Id. at 103 n.4.

emancipation." Hicks, 919 N.E.2d at 1173–74. Or, in other words, the presumption in these cases is that the custodial parent has made up any shortfall that resulted from the noncustodial parent's failure to fulfill his or her child-support obligations. See Moody, 565 N.E.2d at 392. Thus, although there may be limited instances where an emancipated child is entitled to a child-support arrearage, the general rule is that the arrearage goes to the custodial parent. Hicks, 919 N.E.2d at 1173–74.

We find Hicks and Moody instructive here. We agree that a custodial parent, whose children are now emancipated, is entitled to a presumption that he or she expended his or her own funds to offset any deficit caused by missing child-support payments. We see no reason to limit this presumption to only civil cases.

Given this presumption, it logically follows that a custodial parent who is presumed to have expended his or her own funds would also be presumed to have suffered an "injury, harm or loss" as a direct result of a noncustodial parent's failure to support his dependent children. Stated another way, a trial court is well within its discretion in determining that a custodial parent like Kathy is a "victim" entitled to criminal restitution in the amount of the child-support arrearage.[3] Importantly, we do not hold that a custodial parent whose children are now emancipated is the *only* possible "victim" under these circumstances but that a custodial parent is entitled to a presumption that he or she has suffered an "injury, harm or loss" as a direct result of the noncustodial parent's failure to pay child support. As a result, and barring an unusual circumstance, the custodial parent will be the recipient of criminal restitution for child-support arrearage in cases where the children have been emancipated. Furthermore, given the Court of Appeals' broad language in its opinion, we must stress that this principle applies with even greater force when dependent children are involved—in those cases, criminal restitution for a support arrearage is payable only to the custodial parent.

---

[3] Generally, it is not necessary that the custodial parent prove the actual expenditures to be entitled to the support arrearage. See Moody, 565 N.E.2d at 392; cf. Lizak v. Schultz, 496 N.E.2d 40, 42 (Ind. 1986) (holding that subsequent husband, as administrator of estate of deceased custodial parent, could bring action to collect a child-support arrearage without proving the custodial parent had expended sums equivalent to the arrearage from her own money). Importantly, Sickels offered no proof that Kathy failed to expend her own money to cover the shortfall created by his failure to pay support. Accordingly, it is unnecessary for us to decide whether the presumption in her favor is rebuttable under certain circumstances.

Sound public policy and established legal precedent support these conclusions. Remitting restitution awards directly to a child could create concerns regarding the enforcement of orders. In the event the noncustodial parent does not follow the order, a dependent child would possibly be placed in the untenable position of having to figure out enforcement procedures or hiring a lawyer to do so. Furthermore, neither an emancipated nor a dependent child should be placed in an adversarial (and likely awkward) role against his or her noncustodial parent. Having the custodial parent as the "payee" in these instances eliminates these potential unnecessary hardships and recognizes that a custodial parent should be compensated for assuming the costs of supporting the children.

## Conclusion

We summarily affirm the Court of Appeals on all issues but one: whether Kathy, as the custodial parent, was a "victim" of Sickels' crimes and is thus entitled to the court-ordered restitution for child-support arrearage. We hold that the trial court was within its discretion to determine that restitution was payable to the custodial parent, despite the fact that the children were emancipated, and thus affirm the trial court on this issue. As consistent with the Court of Appeals opinion, the case is remanded to the trial court to clarify the amount of the restitution award and correct any court documents that refer to a civil judgment.

Dickson, C.J., and Rucker, David, and Massa, JJ., concur.