## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 26 2015, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dillon Wayne Steinert, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | March 26, 2015 <br><br> Court of Appeals Cause No. 40A01-1403-CR-111 <br><br> Appeal from the Jennings Circuit Court <br><br> Lower Court Cause Nos. 40C01-1311-FD-318 40C01-1209-FD-189 <br><br> The Honorable Jon W. Webster, Judge |

**Pyle, Judge.**

# Statement of the Case

After Dillon Wayne Steinert ("Steinert") pled guilty to two counts of Class D felony theft,[1] the trial court sentenced him, pursuant to his plea agreement, to an aggregate four-year sentence suspended to probation. While on probation, Steinert committed another crime. He subsequently pled guilty to and was convicted of Class D felony receiving stolen property.[2] The State filed a notice of probation violation based on Steinert's subsequent offense, and he admitted to violating probation. In a consolidated hearing, the trial court: (1) revoked Steinert's probation and ordered him to serve his previously suspended sentence; (2) sentenced Steinert for his subsequent conviction, imposing a two-year sentence with one year executed and one year suspended to probation; and (3) ordered him to pay restitution as part of his subsequent receiving stolen property conviction.

In this consolidated appeal, Steinert now appeals the revocation of his probation, the appropriateness of his sentence from his subsequent conviction, and the amount of restitution he was ordered to pay. Concluding that the trial court did not abuse its discretion by revoking Steinert's probation where he admitted to committing an subsequent crime, that he has failed to show that his

---

[1] Ind. Code § 35-43-4-2(a). We note that, effective July 1, 2014, a new version of this theft statute was enacted and that Class D felony aggravated battery is now a Class A misdemeanor. Because Steinert committed these crimes in 2012, we will refer to the statute in effect at that time.

[2] I.C. § 35-43-4-2(b). Because Steinert committed this crime in 2013, we will refer to the statute in effect at that time.

sentence was inappropriate, and that the trial court ordered restitution for an amount of loss involved in the crime to which Steinert pled guilty, we affirm the trial court's judgment in all respects.

[3] Affirmed.

## Issues

1. Whether the trial court abused its discretion by revoking Steinert's probation.

2. Whether Steinert's sentence from his subsequent conviction is inappropriate pursuant to Indiana Appellate Rule 7(B).

3. Whether the trial court abused its discretion in the amount of restitution it ordered.

## Facts

On June 21, 2012, the State filed a petition alleging that seventeen-year-old Steinert was a delinquent child for committing five counts of theft that would have been Class D felonies if committed by an adult, three counts of receiving stolen property that would have been Class D felonies if committed by an adult, and one count of criminal mischief that would have been a Class D felony if committed by an adult. On August 23, 2012, the trial court issued an order, waiving Steinert into adult court. The trial court's order concluded that Steinert's acts were "aggravated because they [were] part of a repetitive pattern of delinquent acts" and that he was considered "beyond rehabilitation under the juvenile justice system." (App. 8).

[6]     Subsequently, on September 11, 2012, the State charged Steinert with two counts of Class D felony theft under cause number 40C01-1209-FD-189 ("Cause 189"). Immediately thereafter, Steinert entered into a written plea agreement with the State. The plea agreement called for Steinert to plead guilty as charged and for him to be sentenced to consecutive terms of two (2) years on each conviction with thirty (30) days of jail time credit and the remaining twenty-three (23) months suspended to probation. The agreement also provided that "[u]pon successful completion of probation with NO violations," Steinert could seek alternative misdemeanor sentencing. (App. 33). On September 21, 2012, Steinert pled guilty as charged, and the trial court sentenced Steinert, pursuant to the terms of the plea agreement, to an aggregate four (4) year sentence with the applicable credit for time served and forty-six months suspended to probation.

[7]     Just a little more than one year later, on November 20, 2013, the State charged eighteen-year-old Steinert with Class D felony receiving stolen property under cause number 40C01-1311-FD-318 ("Cause 318"). Specifically, the charging information provided that, between September 26, 2013 and November 13, 2013, Steinert "knowingly or intentionally receive[d], retain[ed,] or dispose[d] of" the following property that had "been the subject of a theft[:]" "jewelry, camera, photography equipment, Xbox game console and games, shoes, [and a] cellular telephone." (App. 98).

[8]     Thereafter, on November 22, 2013, the State filed a notice of probation violation, alleging that Steinert had violated his probation by committing

another crime—receiving stolen property—and by failing to reside at the address given to the probation department or obtain permission to reside at any other location.

[9] On January 16, 2014, the trial court held a probation revocation hearing in Cause 189. During this hearing, Steinert "admit[ted] the allegations of the [revocation] Petition[,]" and the trial court found that he had "violated the terms of his probation[.]" (App. 67).[3]

[10] That same day, Steinert pled guilty, pursuant to a written plea agreement, to the Class D felony receiving stolen property charge in Cause 318. The plea agreement provided that Steinert's sentence would be "open" but had to be served consecutively to his sentence in Cause 189. (App. 110). That same day, the trial court entered an order, indicating that Steinert had "enter[ed] a plea of guilty to the charge of Receiving Stolen Property as contained in Count I of the Information" and that "there [wa]s a factual basis for [Steinert's] plea of guilty." (App. 117).[4] In the order, the trial court also indicated that it had accepted Steinert's plea and entered judgment of conviction.

[11] On February 7, 2014, the trial court held a consolidated hearing on Steinert's probation revocation in Cause 189 and his sentencing in Cause 318. During the

---

[3] In his notice of appeal, Steinert did not request the transcription of this probation hearing. Thus, we have only what is contained in the chronological case summary and the trial court's order from that hearing to inform us what transpired during the hearing.

[4] Steinert did not request the transcription of this guilty plea hearing either. Thus, we have only the trial court's order to inform us of any details of his guilty plea.

hearing, Steinert's probation officer testified that her recommendation for Steinert's probation revocation case was for him to be "committed to the Indiana Department of Correction for the remainder of his sentence on the violation[.]" (Tr. 2). Her recommendation for his sentencing in Cause 318 was "whatever the Court th[ought] [wa]s appropriate[,]" but she testified that she did not believe that Steinert was a candidate for probation in that cause because he had not done well on probation. (Tr. 2). Steinert's probation officer also testified that Steinert had previously been diagnosed with "pervasive developmental disorder, not otherwise specified, attentive [sic] deficit hyperactivity disorder, oppositional defiant disorder[,] and childhood depression." (Tr. 3).

[12]  Steinert's mother testified that he had been in the juvenile system for a long time and that he had been diagnosed with mental health issues as a child. She testified that his "primary diagnosis [wa]s pervasive developmental disorder which f[ell] in the autism spectrum." (Tr. 6). Steinert's mother also testified that Steinert has had behavioral problems since the age of six, including getting kicked out of kindergarten, and that she had taken him to counseling since that time. Steinert offered into evidence Defendant's Exhibit A, which consisted of a copy of a letter written by his mother and two psychological evaluations (one done in October 2010 and the other in September 2003). Additionally, Steinert's mother testified that she did not want him to live at her house because he did not follow her rules and had not gotten a job even though she had set him up with vocational rehabilitation through some waiver services.

[13] In regard to restitution in Cause 318, the State introduced State's Exhibit 1—without objection from Steinert—which included an itemized statement and letter showing that Allstate Insurance Company was requesting $5,340.06 in restitution for the loss it incurred when it paid out insurance proceeds to its insureds for the items involved in Steinert's crime.[5] When Steinert testified, he challenged the amount of restitution sought in State's Exhibit 1. He contended that he should be required to pay restitution for the camera only because that was the lone piece of property that he knew was stolen. Steinert requested that the trial court suspended some of his sentence in Cause 318 and place him on probation or in community corrections.

[14] In Cause 189, the trial court revoked Steinert's probation and ordered him to serve his previously suspended sentence in the Department of Correction. In regard to Steinert's sentence for his Class D felony receiving stolen property conviction in Cause 318, the trial court found the following aggravating circumstances: (1) two juvenile delinquency adjudications, including a commitment to Indiana Boys School; (2) two felony convictions; (3) commission of his current crime while on probation; (4) no gainful employment; and (5) no diploma or GED. The trial court found that Steinert's guilty plea and his "mental health issues" were mitigating circumstances. (Tr. 23). The trial court imposed a two (2) year sentence, with one (1) year executed in the Department of Correction and one (1) year suspended to probation.

---

[5] State's Exhibit 1 indicated that Allstate's insureds, who had their property removed from their house as part of the offense at issue, suffered a $0 loss because that was the amount of their deductible.

Pursuant to Steinert's plea agreement in Cause 318, the trial court ordered that this sentence was to be served consecutive to his sentence in Cause 189. The trial court also included a recommendation that Steinert receive mental health counseling and treatment while in the Department of Correction. Finally, the trial court ordered Steinert to pay $5,340.06 in restitution to Allstate and stated that he had "joint and several" liability with David Eggert and Jade Stevens. (App. 125).

Steinert now appeals the revocation of his probation in Cause 189 and his sentence and restitution in Cause 318.

# Decision

On appeal, Steinert argues that the trial court erred by: (1) revoking his probation; (2) sentencing him to an inappropriate sentence in his receiving stolen property case; and (3) ordering him to pay $5,340.06 in restitution in his receiving stolen property case. We will address each argument in turn.

## 1. Probation Revocation

Turning to Steinert's argument that the trial court erred by revoking his probation, we note that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* IND. CODE § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct.

App. 2007). When reviewing a trial court's determination that a probation violation has occurred, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 955-56 (Ind. Ct. App. 2005), *trans. denied*.

Steinert argues that the trial court abused its discretion by revoking his probation because it did not provide a written statement of reasons for revoking his probation and because the trial court's reasons were "insufficient[.]" (Steinert's Br. 8).[6] We disagree.

Here, the State alleged that Steinert had violated his probation by committing another crime and by failing to reside at the address given to the probation department. Although Steinert did not request that the transcript from his probation revocation hearing be transcribed, the record before us indicates that Steinert admitted to violating these terms of his probation. Thus, the trial court was not required to provide a written statement setting forth the reasons for revoking Steinert's probation. *See, e.g.*, *Terrell v. State*, 886 N.E.2d 98, 101 (Ind. Ct. App. 2008) (holding that the trial court was not required to provide a written statement regarding the reasons for revoking probation where the defendant admitted to violating the term of probation), *trans. denied*.

---

[6] Steinert does *not* make the argument regarding a written statement as a due process violation.

Additionally, in the trial court's order revoking Steinert's probation, it first noted that Steinert had admitted to the alleged probation violations and then revoked his probation. Therefore, the trial court's order sufficiently indicates that its revocation of probation was based on Steinert's admission that he violated the terms of his probation when he committed and pled guilty to a new crime. *See id.* at 101-02 (affirming the trial court's order revoking probation where it was "clear from the transcript and written order . . . that the trial court's reason for revoking [the defendant's] probation was based exclusively on [his] admitted violations of his probation conditions"). Because the record before us reveals that Steinert admitted to violating the term of his probation, we conclude that the trial court did not abuse its discretion by revoking his probation. Accordingly, we affirm the trial court's revocation of Steinert's probation.

**2. Inappropriate Sentence**

We next address Steinert's argument regarding his sentence in Cause 318. Steinert contends that his two-year sentence, with one year executed and one year suspended to probation, for his Class D felony conviction that he committed while he was on probation is inappropriate.[7]

---

[7] When arguing that his sentence was inappropriate, Steinert appears to amalgamate his sentence in Cause 318 and the imposition of his previously suspended sentence in Cause 189, arguing that he received an aggregate five-year sentence and that it was inappropriate. Aside from the fact that his sentence in Cause 189 was entered pursuant to his plea agreement and he cannot challenge its' appropriateness, the sentences in these two causes are separate. Accordingly, we will address only his challenge to his sentence in Cause 318. Additionally, Steinert also seems to argue that the trial court erred when sentencing him because it

[22]   We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224. Additionally, "[u]nder Indiana law, several tools are available to the trial court to use in fashioning an appropriate sentence for a convicted offender." *Sharp v. State*, 970 N.E.2d 647, 650 (Ind. 2012). These "penal tools"—which include suspension of all or a portion of the sentence, probation, . . . executed time in a Department of Correction facility, . . . and restitution and fines—"form an integral part of the actual aggregate penalty faced by a defendant and are thus properly considered as part of the

---

considered the value of the items involved in his crime as an aggravating circumstance. The record on appeal, however, does not support any such argument.

sentence subject to appellate review and revision." *Id.* (citing *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010)).

[23] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, Steinert pled guilty as charged to Class D felony receiving stolen property. The sentencing range for a Class D felony when he committed his crime was between six (6) months and three (3) years, with the advisory sentence being one and one-half (1½) years. I.C. § 35-50-2-7. The trial court imposed a two (2) year sentence, with one (1) year executed and one (1) year suspended to probation. The trial court also recommended that Steinert received mental health treatment while in the Department of Correction.

[24] The nature of Steinert's offense is not completely set out in the record before us because he pled guilty to the offense but did not request a copy of the transcript from his guilty plea hearing; therefore, we do not have the details of the factual basis contained therein, nor do we know if the parties agreed that the probable cause affidavits that are contained in Steinert's Appellant's Appendix were considered as part of that factual basis. Nevertheless, the trial court's order from the date of his guilty plea hearing indicates that Steinert "enter[ed] a plea of guilty to the charge of Receiving Stolen Property as contained in Count I of the Information" and "there [wa]s a factual basis for [Steinert's] plea of guilty." (App. 117). The charging information for his offense provided that between September 26, 2013 and November 13, 2013, Steinert "knowingly or

intentionally receive[d], retain[ed,] or dispose[d] of" the following property that had "been the subject of a theft[:]" "jewelry, camera, photography equipment, Xbox game console and games, shoes, [and a] cellular telephone." (App. 98).

[25] Turning to Steinert's character, we acknowledge that he pled guilty and that he has a history of mental health issues that include a diagnosis of pervasive developmental disorder. However, Steinert did not offer any specific explanation of how this diagnosis was related to his crime of receiving stolen property.

[26] Instead, the record reveals that Steinert—who was eighteen years old at the time of his offense in Cause 318—has amassed a criminal history that includes both juvenile adjudications and adult felony convictions. His juvenile record includes a referral when he was six years old; an adjudication for battery resulting in bodily injury when he was thirteen years old; an adjudication for burglary when he was fourteen years old; and an adjudication for burglary, auto theft, escape, possession of marijuana, possession of paraphernalia, and criminal mischief when he was fifteen years old that resulted in commitment to Indiana Boys School. Additionally, the juvenile court had placed Steinert on probation from his battery adjudication, and he violated probation two times and was then unsuccessfully discharged from probation. Steinert's adult convictions began when he was seventeen years old and was waived to adult court in Cause 189. Even more troubling, Steinert was on parole from the two theft convictions in Cause 189 when he committed the receiving stolen property crime at issue in this case. Steinert's criminal history, failure to complete prior

probation, and commission of this crime while on probation, reflect poorly on Steinert's character and show his disregard for the law and failure to reform.

[27] Despite Steinert's failed attempts at probation, the trial court sentenced him to a two-year sentence with one year executed and one year suspended to probation, and it recommended that he receive mental health treatment. Thus, the trial court utilized some of the available "penal tools" to fashion a sentence for Steinert. *See Sharp*, 970 N.E.2d at 650. Steinert has not persuaded us that that his two year-year sentence—with one year executed and one year suspended to probation—for commission of a Class D felony conviction while on probation is inappropriate. Therefore, we affirm the trial court's sentence.

**3. Restitution**

[28] Lastly, Steinert challenges the trial court's imposition of restitution in Cause 318. Specifically, Steinert asserts that he is challenging "the sufficiency of the record supporting his restitution amount." (Steinert's Br. 9).

[29] Restitution orders are within the discretion of the trial court. *Sickels v. State*, 982 N.E.2d 1010, 1013 (Ind. 2013). INDIANA CODE § 35-50-5-3(a) provides that a trial court may order a defendant "to make restitution to the victim of the crime[.]" "Although the statute does not define the term 'victim,' [the Indiana Supreme] Court has held that restitution is properly payable to those shown to have suffered injury, harm or loss as a direct and immediate result of the criminal acts of a defendant." *Sickels*, 982 N.E.2d 1010, 1013 (Ind. 2013) (internal quotation marks and citations omitted). "A restitution order must be

supported by sufficient evidence of actual loss sustained by the victim or victims of a crime." *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. "'The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence.'" *Id.* (quoting *Bennett v. State*, 862 N.E.2d 1281, 1287 (Ind. Ct. App. 2007). We will affirm a trial court's restitution order if there is sufficient evidence to support it. *Id.*

[30] Steinert does not challenge the trial court's discretion to order restitution at issue; instead, he challenges merely the *amount* of restitution ordered. Specifically, Steinert contends that the trial court erred by ordering him to pay restitution for the full amount requested in State's Exhibit 1 because the probable cause affidavits show that he "received" only a camera and a pair of shoes.[8] (Steinert's Br. 9). Steinert asserts that "[t]he State presented no evidence to support [him] having 'received' any of the other items which make up the $5,340.06 value" and that, as a result, "the full figure of restitution was an abuse of discretion[.]" (Steinert's Br. 9-10).

[31] The State argues that the amount in the trial court's restitution order was supported by sufficient evidence because State's Exhibit 1 showed the amount that the insurance company had paid out to its insureds as a result of Steinert's crime. We agree.

---

[8] The probable cause affidavit indicates that Steinert's name was on a pawn receipt for the camera and that he was wearing a stolen pair of shoes when he was arrested.

[32]     Here, Steinert was charged with Class D felony receiving stolen property for having received, retained, or disposed of "jewelry, camera, photography equipment, Xbox game console and games, shoes, [and a] cellular telephone." (App. 98).  Thereafter, he pled guilty to this charge "as contained in . . . the Information." (App. 117).  During the sentencing hearing, the State introduced State's Exhibit 1, showing the loss that occurred as a result of Steinert's crime.  The trial court ordered Steinert to pay restitution for that amount listed in the exhibit and ordered that he had joint and severable liability for that amount.  Steinert does not argue that these other items in State's Exhibit 1 were not involved in the crime to which he pled guilty; instead, his argument is focused on an alleged requirement that the State was required to provide evidence at sentencing that he had received or was in possession of these other items.  Steinert, however, pled guilty to receiving, retaining, or disposing of the items listed in the charging information.  Because the record before us reveals that the trial court ordered restitution for an amount of loss involved in the crime to which Steinert pled guilty, he has not shown that the trial court abused its discretion.  *See e.g.*, *Smith v. State*, 990 N.E.2d 517, 519 (Ind. Ct. App. 2013) (affirming a trial court's restitution order where the amount of restitution was for the loss attributable to the defendant's crime), *trans. denied*.  Accordingly, we affirm the trial court's restitution order.

Najam, J., and Bailey, J., concur.