## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2015, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

William J. Cohen
Cohen Law Offices
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gerald Binfet,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 30, 2015<br><br>Court of Appeals Case No.<br>20A03-1412-CR-442<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Charles Carter Wicks, Judge<br><br>Trial Court Cause No.<br>20D05-1310-FD-1110 |

**Mathias, Judge.**

[1] Gerald Binfet ("Binfet") pleaded guilty in Elkhart Superior Court to Class D felony theft. He was ordered to serve a two-year sentence with six months

executed on home detention and the remainder of the sentence suspended to probation. Binfet was ordered to pay restitution to the victim in the amount of $27,974.57 by making payments in the amount of $300 per month. Binfet appeals the restitution order and raises the following three issues:

> I. Whether the trial court violated Binfet's Sixth Amendment right to confront witnesses against him when it admitted hearsay testimony at the restitution hearing;
>
> II. Whether the restitution order is supported by sufficient evidence; and,
>
> III. Whether the trial court abused its discretion when it ordered Binfet to pay $300 per month toward the restitution judgment.

We affirm.

## Facts and Procedural History

Binfet was a plant manager for Valmont Industries in 2012 through 2013. On several occasions during his employment, Binfet sold copper and scrap aluminum metal owned by Valmont, which he was not authorized to do, and kept the proceeds from the sales for himself.

Binfet was charged with Class D felony theft on October 14, 2013, and on February 4, 2014, he pleaded guilty as charged. The plea agreement provided that Binfet would receive a two-year sentence with a six-month cap on executed time and eighteen months suspended to probation. Binfet also agreed to pay restitution in an amount to be determined by the trial court.

Binfet was sentenced on March 10, 2014, but the restitution hearing was not held until October 10, 2014. At the restitution hearing, a detective with the

Elkhart County Sheriff's Department testified concerning his investigation of Binfet's scrap metal sales. Over Binfet's objection on right of confrontation grounds, the detective testified that Binfet sold copper and scrap aluminum to John Brockleman. Brockleman then sold the copper and scrap metal to Sam Winer's & Sons. The detective obtained "scrap tickets" from Sam Winer's during the time period when Binfet worked for Valmont. After the detective obtained the "scrap tickets," he showed them to Brockleman, who verified that the tickets listed the copper or scrap aluminum that Binfet sold to Brockleman without Valmont's permission.

[6] Binfet argued that Brockleman bought scrap metal from many customers, not just Binfet. Binfet claimed that the scrap aluminum that he sold to Brockleman was likely co-mingled with scrap metal from Brockleman's other customers. Therefore, the amounts of scrap aluminum metal represented on the "scrap tickets" included more than Valmont's scrap aluminum. Binfet admitted that he received approximately $15,000 total for Valmont's copper and scrap aluminum that he stole and sold. Valmont argued that Binfet should be ordered to pay approximately $100,000 in restitution. The trial court took the matter under advisement.

[7] On November 6, 2014, the court issued an order calculating restitution in the amount of $27,974.57. The trial court found that Binfet had the ability to pay $300 per month toward the restitution judgment. Binfet then filed a motion to correct error, which the trial court denied. Binfet now appeals.

## Restitution

[8] In his plea agreement, Binfet agreed to pay restitution in an amount to be determined by the trial court. The trial court concluded that Valmont Industries was owed $27,974.57 in restitution and ordered Binfet to make payments on that judgment in the amount of $300 per month.

[9] Restitution orders are within the discretion of the trial court. *Sickels v. State*, 982 N.E.2d 1010, 1013 (Ind. 2013). Indiana Code section 35-50-5-3(a) provides that a trial court may order a defendant "to make restitution to the victim of the crime[.]" The statute does not define the term "victim," but our supreme court has held that "restitution is properly payable to those shown to have suffered injury, harm or loss as a direct and immediate result of the criminal acts of a defendant." *Sickels*, 982 N.E.2d at 1013 (citations omitted).

[10] First, Binfet argues that his Sixth Amendment right of confrontation was violated when the trial court allowed the detective to testify concerning his transactions with Brockleman and Brockleman's sale of the copper and aluminum scrap to Sam Winer's. Also, over Binfet's continuing objection, the trial court admitted State's Exhibits One through Fourteen, which are records of Brockleman's sales to Sam Winer's on the dates that Binfet sold Valmont's copper or aluminum scrap. The trial court utilized these exhibits to calculate the restitution judgment.

[11] The Sixth Amendment right of confrontation does not apply to proceedings that are not criminal prosecutions. *See Smith v. State*, 971 N.E.2d 86, 89 (Ind. 2012).

This includes probation revocation and sentencing hearings. *See id*; *Debro v. State*, 821 N.E.2d 367, 374 (Ind. 2005). Similarly, restitution hearings are not criminal prosecutions; therefore, the trial court properly overruled Binfet's objection to the admission of the detective's testimony and accompanying exhibits on Sixth Amendment grounds.

[12] Moreover, hearsay evidence is admissible at sentencing and restitution hearings. *See Ladd v. State*, 710 N.E.2d 188, 182 (Ind. Ct. App. 1999) (citing *Kotsopoulos v. State*, 654 N.E.2d 44, 46-47 (Ind. Ct. App. 1995)); Ind. Evid. Rule 101(c)(2). However, the defendant must be given the opportunity to refute any information he claims is inaccurate. *Cloum v. State*, 779 N.E.2d 84, 92 (Ind. Ct. App. 2002); *see also Moyer v. State*, 796 N.E.2d 309, 313 (Ind. Ct. App. 2003) (observing that a criminal defendant is "entitled to be sentenced only on the basis of accurate information").

[13] In this case, Binfet was given the opportunity to cross-examine both the investigating detective and the representative from Valmont Industries, who testified at the restitution hearing. Also, Binfet testified concerning the amount of money he received after he stole and sold Valmont's copper and aluminum scrap. Therefore, Binfet had the opportunity to present his own evidence to attempt to refute the State's calculation of the restitution owed. The trial court also specifically concluded that the investigating detective's testimony was reliable hearsay. Tr. p. 29.

[14] Binfet also argues that the trial court's restitution order in the amount of $27,974.57 is not supported by sufficient evidence. "A restitution order must be supported by sufficient evidence of actual loss sustained by the victim or victims of a crime." *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence, and a trial court's order of restitution is reviewed for an abuse of discretion. *Id*. We will affirm the trial court's order if it is supported by sufficient evidence. *Id.*

[15] The detective who investigated Binfet's theft testified that he interviewed Brockleman and his employees and the employees from Sam Winer's & Co., the scrapyard that bought Valmont Industries's copper and aluminum scrap from Brockleman. From those interviews, the detective obtained "scrap tickets," which were admitted into evidence as State's Exhibits One through Fourteen. The detective re-interviewed Brockleman after he obtained the scrap tickets to confirm that the load of copper or aluminum scrap sold to Sam Winer's on the date noted on the ticket was scrap obtained from Valmont Industries. *See e.g*. tr. p. 26. For each of the fourteen transactions represented in Exhibits One through Fourteen, the detective testified that Binfet was the only employee from Valmont Industries from whom Brockleman bought the copper and aluminum scrap. Tr. p. 45.

[16] The only evidence that the copper or scrap aluminum that Brockleman sold to Sam Winer's came from Valmont Industries, was the detective's testimony relaying what Brockleman and his employees reported to the detective. The

detective admitted he had no personal knowledge that the copper and scrap aluminum sold to Sam Winer's as represented on Exhibits One through Fourteen belonged only to Valmont Industries.

[17] However, "[e]vidence supporting a restitution order is sufficient 'if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011) (citation omitted). The investigating detective personally spoke to Brockleman, his employees, and employees of Sam Winer's & Co. He also obtained the "scrap tickets" directly from Sam Winer's. From this evidence, the trial court had a reasonable basis for estimating Valmont Industries' loss. For these reasons, we conclude that sufficient evidence supports the trial court's $27,974.57 restitution judgment.

[18] Finally, Binfet, who is gainfully employed, argues he is financially unable to pay $300 per month toward the restitution judgment.[1] Binfet's monthly income is $2975.05, and his total expenses are $2573.94; therefore, his income exceeds his expenses by $401.11 per month. Binfet has the ability to pay restitution, and the trial court acted within its discretion when it ordered him to pay $300 per

---

[1] Binfet's reliance on Indiana Code section 24-4.5-5-105 to argue that the trial court should have ordered him to pay only $229.45 per month based on his weekly wage is unavailing. As the State appropriately notes in its brief, civil creditor remedies concerning garnishment do not apply to a criminal restitution order. *See* Ind. Code § 24-4.5-1-201 (stating "this article applies to sales, leases, and loans made in this state and to modifications, including refinancings, consolidations, and deferrals, made in this state, of sales, leases, and loans, wherever made").

month toward the $27,974.57 restitution judgment. At a rate of $300 per month, Binfet will pay the restitution judgment in full in 7 years and 10 months.

[19] Affirmed.

Baker, J., and Bailey, J., concur.